ACCEPTED
07-15-00123-CR
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
9/11/2015 2:59:15 PM
Vivian Long, Clerk

IN THE COURT OF APPEALS
FOR THE SEVENTH DISTRICT OF TEXAS
AMARILLO, TEXAS

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS

9/11/2015 2:59:15 PM

VIVIAN LONG
CLERK

JESTIN ANTHONY JOSEPH
   Appellant,

§
§
§

vs.

§   NO. 07-15-00123-CR

§

THE STATE OF TEXAS,
   Appellee.

§
§
§

APPEALED FROM CAUSE NUMBER 1343359D IN THE CRIMINAL DISTRICT COURT NUMBER FOUR OF TARRANT COUNTY, TEXAS; THE HONORABLE MICHAEL THOMAS, JUDGE PRESIDING.

§§§

APPELLANT'S BRIEF

§§§

J. WARREN ST. JOHN
State Bar No. 18986300
2020 Burnett Plaza
801 Cherry Street, Unit No. 5
Fort Worth, Texas 76102-6810
Telephone: (817) 336-1436
Fax:(817) 336-1429
E-mail: jwlawyer@aol.com

Appellant's Counsel

Oral Argument Is Requested.

IN THE COURT OF APPEALS
FOR THE SEVENTH DISTRICT OF TEXAS
AMARILLO, TEXAS

| | | |
|---|---|---|
| JESTIN ANTHONY JOSEPH, | § | |
|     Appellant, | § | |
| | § | |
| | § | |
| vs. | § | NO. 07-15-00123-CR |
| | § | |
| THE STATE OF TEXAS, | § | |
|     Appellee. | § | |

APPEALED FROM CAUSE NUMBER 1343359D IN THE CRIMINAL DISTRICT COURT NUMBER FOUR OF TARRANT COUNTY, TEXAS; THE HONORABLE MICHAEL THOMAS, JUDGE PRESIDING.

§§§

APPELLANT'S BRIEF

§§§

J. WARREN ST. JOHN
State Bar No. 18986300
2020 Burnett Plaza
801 Cherry Street, Unit No. 5
Fort Worth, Texas 76102-6810
Telephone: (817) 336-1436
Fax:(817) 336-1429
E-mail: jwlawyer@aol.com

Appellant's Counsel

Oral Argument Is Requested.

# LIST OF INTERESTED PARTIES

Pursuant to Rule 38.1, TEX. R. APP. P., the following is a complete listing of all parties to the trial court's final judgment and their counsel in the trial court;

1. The Honorable Michael Thomas, Criminal District Court Number Four of Tarrant County, Texas, 401 West Belknap Street, Fort Worth, Texas 76196.

2. Honorable Sharen Wilson, Criminal District Attorney for Tarrant County, Texas, 401 West Belknap Street, Fort Worth, Texas 76196, through her Assistants, Honorable Chuck Malin, Honorable G. Brock Groom and Honorable Robert Huseman.

3. Appellant, JESTIN ANTHONY JOSEPH, presently serving his prison sentence, who can be served through his attorney of record, J. Warren St. John.

4. Lisa Haines, 300 Burnett Street, No. 124, Fort Worth, Texas 76102. Appellant's counsel in the trial court.

## TABLE OF CONTENTS

LIST OF INTERESTED PARTIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

CASE IN BRIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT AND AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**POINT NUMBER ONE:**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

THE COURT'S VERDICT WAS IMPROPER BECAUSE APPELLANT DID NOT KNOW HIS CONDUCT WAS WRONG.  (RR. II, III, IV, V)

**POINT NUMBER TWO:**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

THE TRIAL COURT ERRED IN HOLDING THE EVIDENCE TO BE LEGALLY SUFFICIENT TO SUSTAIN THE CONVICTION OF THE APPELLANT BECAUSE THE EVIDENCE WAS INSUFFICIENT TO ESTABLISH THAT THE APPELLANT DID COMMIT THE OFFENSE OF AGGRAVATED ROBBERY WITH A DEADLY WEAPON, TO-WIT: A FIREARM BECAUSE HE DID NOT POSSESS THE MENTAL CAPACITY TO COMMIT THE OFFENSE.  (RR. II, III, IV, V)

SUMMARY OF ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CONCLUSION AND PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**TABLE OF AUTHORITIES**

**CASES** **PAGES**

*Bigby v. State*, 892 SW2d 864, 878 (Tex.Crim.App.1994). . . . . . . . . . . . . . . . . . . . . . . 7

*Clark v. Arizona*, 548 U.S. 735, 779, 126 S.Ct. 2709,
    165 L.Ed.2d 842 (2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Geesa v. State*, 820 SW2d 154, 158-62 (Tex.Crim.App.1991). . . . . . . . . . . . . . . . . . 8

*Jackson v. Virginia*, 443 U.S. 307, 319,
    99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Matson v. State*, 819 SW2d 839, 846 (Tex.Crim.App.1991). . . . . . . . . . . . . . . . . . . . 8

*Moreno v. State*, 755 SW2d 866, 867 (Tex.Crim.App.1988). . . . . . . . . . . . . . . . . . . . 8

*Mozen v. State,* 991 SW2d 841 (Tex.Crim.App.1999). . . . . . . . . . . . . . . . . . . . . . . . . 8

*Narvaiz v. State*, 840 SW2d 415, 423
    (Tex.Crim.App., 1992), *cert. denied*, ___ U.S. ___,
    113 S.Ct. 1422, 122 L.Ed.2d 791 (1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Ruffin v. State*, 270 SW3d 586 (Tex.Crim.App.2008). . . . . . . . . . . . . . . . . . . . . . . . . 4

*Wicker v. State*, 667 SW2d 137, 143
    (Tex.Crim.App.1984), *cert. denied*, 469 U.S. 892,
    105 S.Ct. 268, 83 L.Ed.2d 204 (1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**CODES, RULES AND STATUTES**

RULE 9.4 (i) TEX. R. APP. P. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

RULE 38.1 TEX. R. APP. P. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

RULE 403 TEX. R. EVID. OBJECTIONS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

RULE 703-705 TEX. R. EVID. OBJECTIONS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

TEXAS PENAL CODE § 801(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

IN THE COURT OF APPEALS
FOR THE SEVENTH DISTRICT OF TEXAS
AMARILLO, TEXAS

JESTIN ANTHONY JOSEPH            §
    Appellant,                             §
                                           §
                                           §
vs.                                    §     NO. 07-15-00123-CR
                                           §
THE STATE OF TEXAS,                    §
    Appellee.                              §

APPEALED FROM CAUSE NUMBER 1343359D IN THE CRIMINAL DISTRICT COURT NUMBER FOUR OF TARRANT COUNTY, TEXAS; THE HONORABLE MICHAEL THOMAS, JUDGE PRESIDING.


TO THE COURT OF APPEALS:

**<u>THE CASE IN BRIEF</u>**


| | |
|---|---|
| THE INDICTMENT | AGGRAVATED ROBBERY WITH A DEADLY WEAPON, TO-WIT: A FIREARM (CR. Vol. I, p. 5) |
| THE PLEA | NOT GUILTY BY REASON OF INSANITY (CR. Vol. I, p. 60) |
| THE VERDICT | GUILTY TO AGGRAVATED ROBBERY WITH A DEADLY WEAPON, TO-WIT: A FIREARM AS TO COUNT 1 AS CHARGED IN THE INDICTMENT (CR. Vol. I, pp. 60-61) |
| THE PUNISHMENT | TWELVE YEARS  IN THE INSTITUTIONAL DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE (CR. Vol. I, pp. 60-61) |

## STATEMENT OF FACTS

The following summary is intended to provide a brief overview of the trial testimony. Further discussion of the testimony will be reserved for the argument and authorities section of Appellant's points of error.

The record indicates that on September 24, 2013, Davage Armstrong went to the McDonald's at the 4800 block of the South Freeway in Fort Worth. His son, Kenshay was also with him. Mr. Armstrong testified that around 9:15 at night that the Appellant attempted to rob him at gunpoint. The Appellant allegedly robbed Mr. Armstrong for his keys and some money, had his gun out and pulled the trigger.

Mr. Armstrong pushed the Appellant against the wall; the gun did not discharge. Mr. Armstrong ran into the back of the store towards the manager's office. Mr. Armstrong went outside to look for his son. There, he saw the Appellant again where the gun was discharged. No one was shot.

Mr. Armstrong ran back into the store to hide. Mr. Armstrong found his son hiding in the bathroom unharmed.

The Appellant ran away and was arrested by police on a freeway entrance ramp.

Dr. Emily Fallis testified that Mr. Joseph Jestin suffered from schizophrenia and suffered from a severe mental disorder or defect.

Dr. Reed also testified that the Appellant was mentally ill, but not to the level of insanity. (RR. Vol. II, III, IV, V)

The Appellant's attorney presented evidence to establish that Appellant did know his actions were wrong.

The Appellant's attorney presented family members to describe Appellant's bizarre

2

delusions, including hearing voices and telling him what to do.  (RR Vol. II, III, IV, V).

The Court returned a guilty verdict.  The Court sentenced the Appellant to Twelve Years in prison.  (CR. Vol. I, pp. 60-61) The Appellant gave timely Notice of Appeal to this Honorable Court.  (CR. Vol. I, p. 66)

## ARGUMENTS AND AUTHORITIES

POINT NUMBER ONE:

THE COURT'S VERDICT WAS IMPROPER BECAUSE APPELLANT DID NOT KNOW HIS CONDUCT WAS WRONG. (Vol. II, III, IV, V)

Argument and Authorities:

Under the Texas Penal Code § 801(a), it is an affirmative defense to prosecution that, at the time of the conduct charged, the actor, as a result of severe mental disease or defect, did not know that his conduct was wrong. Under Texas law, "wrong" in this context means illegal".

Under *Ruffin v. State*, 270 SW3d 586 (Tex.Crim.App.2008), the Court indicates Texas law, like that of all American jurisdictions, presumes that a criminal defendant is sane and that he intends the natural consequences of his acts. Texas law, like that of many American jurisdictions, excuses a defendant from criminal responsibility if he proves, by a preponderance of the evidence, the affirmative defense of insanity. This defense excuses the person from criminal responsibility even though the State has proven every element of the offense, including the *mens rea*, beyond a reasonable doubt. The test for determining insanity is whether, at the time of the conduct charged, the defendant as a result of a severe mental disease or defect did not know that his conduct was "wrong." Under Texas law, "wrong" in this context means "illegal." Thus, the question for deciding insanity is this: Does the defendant factually know that society considers this conduct against the law, even though the defendant, due to his mental disease or defect, may think that the conduct is morally justified?

Insanity is the only "diminished responsibility" or "diminished capacity" defense to

4

criminal responsibility in Texas. These "diminished" mental-state defenses, if allowed, would permit exoneration or mitigation of an offense because of a person's supposed psychiatric compulsion or an inability to engage in normal reflection or moral judgment. Such defenses refer to a person's lesser or impaired mental ability (compared to the average person) to reason through the consequences of his actions because of a mental disorder. The Texas Legislature has not enacted any affirmative defenses, other than insanity, based on mental disease, defect, or abnormality. Thus, they do not exist in Texas.

But both physical and mental diseases or defects may affect a person's perception of the world just as much as they may affect his rational understanding of his conduct or his capacity to make moral judgments. For example, suppose that a blind person is sitting on his front porch and hears what he thinks is a trespasser coming up his walk. He shoots at the person to scare him away, knowing that it is illegal to shoot people, even trespassers. The "trespasser" turns out to be a uniformed police officer who is coming to serve a subpoena. The blind man may be prosecuted for aggravated assault with a deadly weapon, but he cannot be convicted of aggravated assault of a police officer if, because of his blindness, he did not see the uniform and did not know that the person was a police officer. Evidence of the defendant's blindness would, of course, be relevant and admissible to rebut the State's assertion that the defendant intended to shoot at a police officer. Such evidence might be elicited from the defendant, a lay witness mother, brother, friend, or neighbor, or from an expert, an optometrist, physician, etc. Courts routinely admit evidence of a physical abnormality offered to prove a lack of *mens rea*.

In Texas, the same rule applies to evidence of a mental disease or defect offered

5

to rebut or disprove the defendant's culpable *mens rea*. If, instead, of blindness, the defendant suffers from mental delusions such that he sees "trespasser" or a "Muslim" when everyone else around him sees a police officer, he cannot be convicted of intentionally shooting at a police officer, although he may be convicted of intentionally shooting at a trespasser or Muslim. Guilt of the greater offenses requires that the State prove, beyond a reasonable doubt, that the defendant intended to shoot a police officer, not a trespasser or Muslim. That is the required *mens rea* and that is the State's constitutional burden of proof.

The defendant's right to present a defense generally includes the due-process right to the admission of competent, reliable, exculpatory evidence to rebut any of those elements. Indeed, the Supreme Court has repeatedly struck down "arbitrary rules that prevent whole categories of defense witnesses from testifying." Quite recently, however, the Supreme Court upheld Arizona's wholesale exclusion of expert psychiatric testimony concerning mental illness offered to rebut proof of the defendant's *mens rea*.

The Court, however, had already held that such expert evidence might be relevant, reliable, and admissible to rebut proof of the defendant's *mens rea*. We, like the dissenting justices in *Clark v. Arizona*, 548 U.S. 735, 779, 126 S.Ct. 2709, 165 L.Ed.2d 842 (2006), have confidence that our Texas judges and juries are sufficiently sophisticated to evaluate expert mental-disease testimony in the context of rebutting *mens rea* just as they are in evaluating an insanity or mental-retardation claim. Of course, such evidence may, in a particular case, be excluded under other evidentiary rules, such as Rules 403 or 703-705, if the probative value of the proffered evidence is substantially outweighed by the danger of unfair prejudice, if the expert is insufficiently qualified, or the testimony is insufficiently

6

relevant or reliable under our state's guidelines for expert testimony. Such evidence may also be excluded if it does not truly negate the required *mens rea*.

In *Bigby v. State*, 892 SW2d 864, 878 (Tex.Crim.App.1994), the Court stated that several expert witnesses testified that Appellant knew his conduct was illegal, however, these experts contended that Appellant did not know the act was "morally" wrong. In other words, Appellant believed that regardless of society's views about this illegal act and his understanding it was illegal, under his "moral" code it was permissible. This focus upon Appellant's morality is misplaced. The question of insanity should focus on whether a Defendant understood the nature and quality of his action and whether it was an act he ought to do. By accepting and acknowledging his action was "illegal" by societal standards, he understood that others believed his conduct was "wrong".

Thus, the question for deciding insanity is; does the Defendant factually know that society considers this conduct against the law, even though the Defendant, due to his mental disease or defect, may think the conduct is morally justified. Mr. Joseph fit this definition to a tee based on Dr. Fallis' evaluation. (RR Vol. II, pp. 108-136) Dr. Reed also testified that Appellant suffered from mental illness, not to the level of insanity.

It is clear the Appellant met his burden of proof to show that he was insane at the time of the offense, but the Court chose to disregard Mr. Joseph's severe mental illness and sad existence.

The Appellant did not know his conduct was illegal at the time of the incident and thus is not guilty by reason of insanity.

POINT NUMBER TWO:

THE TRIAL COURT ERRED IN HOLDING THE EVIDENCE TO BE LEGALLY SUFFICIENT TO SUSTAIN THE CONVICTION OF THE APPELLANT BECAUSE THE EVIDENCE WAS INSUFFICIENT TO ESTABLISH THAT THE APPELLANT DID COMMIT THE OFFENSE OF AGGRAVATED ROBBERY WITH A DEADLY WEAPON, TO-WIT: A FIREARM BECAUSE HE DID NOT POSSESS THE MENTAL CAPACITY TO COMMIT THE OFFENSE.  (RR. II, III, IV, V)

Argument and Authorities:

In reviewing the legal sufficiency of the evidence to support a conviction, we view the evidence in the light most favorable to the verdict.  *Narvaiz v. State*, 840 SW2d 415, 423 (Tex.Crim.App.1992), *cert. denied*, ___ U.S. ___, 113 S.Ct. 1422, 122 L.Ed.2d 791 (1993).  The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Moreno v. State*, 755 SW2d 866, 867 (Tex.Crim.App.1988) "This familiar standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

The sufficiency of the evidence is a question of law.  The issue on appeal is not whether the court believes the State's evidence or believes that the defense's evidence outweighs the State's evidence.  See *Matson v. State*, 819 SW2d 839, 846 (Tex.Crim.App.1991); *Wicker v. State*, 667 SW2d 137, 143 (Tex.Crim.App.), *cert. denied*, 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984).  The verdict may not be overturned unless it is irrational or unsupported by proof beyond a reasonable doubt. *Matson*, 819 SW2d at 846.  The standard for review is *Geesa v. State*, 820 SW2d 154, 158-62 (Tex.Crim.App.1991).

8

The State of Texas did not meet its burden of proof, proof beyond a reasonable doubt, in that it failed to prove that Appellant committed the offense as is set out in the indictment. Federal Courts indicate that a reasonable doubt is a doubt based on reason and common sense after a careful and impartial consideration of all evidence in the case. It is the kind of doubt that would make a reasonable person hesitate to act in the most important of his own affairs. Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. The Appellant lacked the mens rea to commit the offense of Aggravated Robbery with a Deadly Weapon, To-Wit: a Firearm against Mr. Armstrong. The Appellant's conviction should be reversed.

## SUMMARY OF ARGUMENT

The Court returned an improper verdict because the Appellant did not know his conduct was wrong.

The Trial Court erred in holding the evidence to be sufficient to sustain the conviction of the Appellant because the evidence was insufficient to establish that the Appellant had committed the offense of Aggravated Robbery with a Deadly Weapon, To-Wit: a Firearm based on lack of mens rea.

## CONCLUSION AND PRAYER

Appellant has presented two independent points of error, any of which, if sustained, would warrant reversal of the case. Appellant therefore prays that his conviction be overturned with instructions that the trial court acquit Appellant of all charges against him. Alternatively, Appellant requests reversal of the conviction against him and remand to the trial court for a new trial.  Finally, Appellant requests further relief either in law or in equity to which he is justly entitled.

Respectfully Submitted,


*/S/ J. Warren St. John*
J. WARREN ST. JOHN
State Bar No. 18986300
2020 Burnett Plaza
801 Cherry Street, Unit No. 5
Fort Worth, Texas 76102-6810
Telephone: (817) 336-1436
Fax:(817) 336-1429
jwlawyer@aol.com

ATTORNEY FOR APPELLANT

11

## <u>CERTIFICATE OF SERVICE</u>

A copy of this brief has been delivered to the Honorable Chuck M. Mallin, Assistant District Attorney, Tim Curry Criminal Justice Center, 401 W. Belknap Street, Fort Worth, Texas 76196 and mailed to Appellant, JESTIN ANTHONY JOSEPH, on this 11th day of September, 2015.

*/S/ J. Warren St. John*

## CERTIFICATE OF COMPLIANCE WITH RULE 9.4(i)

Certificate of Compliance with Type-Volume Limitation

This brief contains 2,509 words, in compliance with TEX.R.APP.P 9.4(i)

*/S/ J. Warren St. John*

DATED: September 11, 2015